Veneto Hotel & Casino, S.A. v German Am. Capital Corp. (2018 NY Slip Op 02414)





Veneto Hotel & Casino, S.A. v German Am. Capital Corp.


2018 NY Slip Op 02414


Decided on April 5, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 5, 2018

Richter, J.P., Manzanet-Daniels, Andrias, Kapnick, Webber, JJ.


651888/15 6199 6198

[*1]Veneto Hotel & Casino, S.A., et al., Plaintiffs-Appellants,
v
German American Capital Corporation, Defendant-Respondent.


Arent Fox LLP, New York (Michael S. Cryan of counsel), for appellants.
Skadden, Arps, Slate, Meagher & Flom LLP, New York (Jonathan L. Frank of counsel), for respondent.



Judgment, Supreme Court, New York County (Jeffrey K. Oing, J.), entered October 21, 2016, to the extent appealed from as limited by the briefs, dismissing the causes of action for breach of contract and breach of the implied covenant of good faith and fair dealing, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered on or about October 18, 2016, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The breach of contract claim asserted by Veneto Hotel & Casino, S.A. based on defendant's alleged breach of section 3.1.7(a)(v) of the parties' loan agreement was properly dismissed. A fair reading of the loan agreement and amendments reveals that defendant lender was not obligated to apply its security to fund borrower Veneto's expenses following an "Event of Default." Section 3.1.7 of the loan agreement required the Account Trustee to follow the directions defendant provided to it, both when Veneto was in default and when it was not. When read in tandem with section 3.1.11(a), it is clear that defendant had "sole and absolute" discretion regarding whether it would pay for Veneto's operating expenses from the Holding Account following an Event of Default. Section 3.1.7(a)(v) does not supersede section 3.1.11(a), either expressly or impliedly, as it is clear that sections 3.1.7 and 3.1.11(a) work together and do not conflict.
Regardless, even if section 3.1.7(v) could be interpreted to be inconsistent with section 3.1.11(a), section 3.1.11(a) would still prevail in light of the "trumping" language found within it, which provides that it would apply "notwithstanding anything to the contrary" in the Loan Agreement (Warberg Opportunistic Trading Fund, L.P. v GeoResources, Inc., 112 AD3d 78, 83 [1st Dept 2013]). Defendant acted within the authority and discretion provided to it under section 3.1.11(a). As the implied covenant of good faith and fair dealing "cannot negate express provisions of the agreement, nor is it violated where the contract terms unambiguously afford [a party] the right to exercise its absolute discretion," Veneto's implied covenant claim also cannot stand (Transit Funding Assoc., LLC v Capital One Equip. Fin. Corp., 149 AD3d 23, 29 [1st Dept 2017]).
With respect to the breach of contract and breach of the implied covenant claims asserted by plaintiff SE Leisure Management LLC, these were also properly dismissed. Defendant was not a party to the agreements sued upon, and plaintiffs are unable to overcome this fatal defect (see Adams v Boston Props. Ltd. Partnership, 41 AD3d 112, 112 [1st Dept 2007]).
Finally, the IAS court correctly dismissed Veneto's cause of action for breach of the confidentiality provisions of the loan agreement. As the IAS court correctly found, this claim was barred by paragraph 12 of the Pre-Negotiation Agreement, through which it certified that it had no defense to payment or any offsets or claims under the loan agreement (Orchard Hotel, LLC v D.A.B. Group, LLC, 106 AD3d 628, 629 [1st Dept 2013]). As there is no ambiguity in [*2]paragraph 12 of the Pre-Negotiation Agreement, plaintiffs were barred from relying on extrinsic evidence in an attempt to create one (Banco Espirito Santo, S.A. v Concessionária Do Rodoanel Oeste S.A., 100 AD3d 100, 106 [1st Dept 2012]).
We have considered plaintiffs' remaining claims, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 5, 2018
CLERK